IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LELA M. FRAKER,                          Civ. No. 6:12-CV-02349-AA

                Plaintiff,                      OPINION AND ORDER

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

                Defendant.


AIKEN, Chief Judge:

        Plaintiff brought suit under 42 U.S.C. § 405(g) seeking

judicial review of a decision by Commissioner denying her

request to waive recovery of overpayment of Supplemental

Security Income (SSI) benefits. Defendant moves to dismiss

plaintiff's complaint for lack of subject matter jurisdiction. Defendant's motion is granted.

BACKGROUND

Plaintiff was awarded SSI benefits in 2000. After a continuing disability review in 2002, however, the Social Security Administration (the Agency) determined that plaintiff was no longer disabled and ceased her SSI benefits due to her non-cooperation and failure to provide necessary information. Plaintiff appealed the cessation of her benefits, and she elected to continue receiving benefits during the appeals process. As a condition to receiving the continued benefits, plaintiff agreed that she would repay the amount of benefits received during the duration of the appeals process if the outcome of her appeal was unfavorable.

Plaintiff proceeded with her appeal by requesting a hearing before an Administrative Law Judge (ALJ), but the ALJ dismissed her request on account of abandonment. Plaintiff requested, and the Appeals Council denied, review of the ALJ's decision.

As a consequence of the unsuccessful appeal, the Agency required repayment of the SSI benefits plaintiff received during her appeal. Plaintiff requested waiver of recovery of the overpayment, was denied, and again requested a hearing before an ALJ.

After a hearing, the ALJ denied plaintiff's request for waiver because plaintiff was not without fault in receiving the overpayment. To support this finding, the ALJ noted that plaintiff stated that "she never read entire letters, or she was not motivated to do anything." Weigel Decl., Ex. 3 at 7. The ALJ noted that the plaintiff "demonstrates that she is capable of acting in her own interests, despite any impairment mental or otherwise, when she chooses to do so" and that "she is knowledgeable about the benefits system." Id. at 6, 9.

Plaintiff requested review again, which the Appeals Council granted. The Appeals Council reviewed the ALJ's decision and remanded the case back to the ALJ with instructions to consider additional overpayments plaintiff received. On remand, the ALJ found that plaintiff was not without fault in receiving the additional overpayments for substantially the same reasons explained in the first decision.

On February 25, 2011, the ALJ declined plaintiff's request for wavier of overpayment of SSI benefits. Plaintiff had sixty days to seek review of this decision with the Appeals Council. 20 C.F.R. § 1468(a). Plaintiff claims, however, that neither she nor her attorney received a copy of the ALJ's decision. Plaintiff does not remember how she eventually learned of the decision, but in late July she notified her attorney of the unfavorable decision.

3 – OPINION AND ORDER

On August 1, 2011, plaintiff's attorney then filed a request for review with the Appeals Council, more than ninety days past the sixty-day deadline.

Upon receiving the request for review, the Appeals Council concluded that there was no good cause to extend the time for filing. Accordingly, on November 8, 2012, the Appeals Council issued an order dismissing plaintiff's request for review.

On December 27, 2012, plaintiff filed this action seeking judicial review of the denial of her waiver request and the denial of an extension of time to seek review.

DISCUSSION

Defendant moves to dismiss plaintiff's claim on the ground that this Court lacks jurisdiction under the Social Security Act (the Act), 42 U.S.C. § 405(g), to review actions of the Commissioner absent a final decision made after a hearing. Def.'s Mem. to Dismiss at 2.

In response to the defendant's motion to dismiss, plaintiff does not contend that there has been a final decision after a hearing; rather, plaintiff alleges that the Commissioner violated her due process rights by failing to send her or her attorney a copy of the ALJ's unfavorable decision or to consider whether her mental or physical capacity prevented her from taking action on her own behalf. Pl.'s Resp. to Mot. to Dismiss at 5-6. Plaintiff submits that this Court has jurisdiction

because these due process violations raise a colorable constitutional claim. See Califano v. Sanders, 430 U.S. 99, 109 (1977) (holding that a court has jurisdiction even without a final decision made after a hearing if a plaintiff raises a colorable constitutional claim).

Judicial review of claims arising under the Act is authorized and limited by 42 U.S.C. § 405(g). Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001). The Supreme Court has stated that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" Sanders, 430 U.S. at 108 (emphasis added) (quoting 42 U.S.C. § 405(g)). Discretionary decisions, such as a decision by the Appeals Council dismissing a request for review, do not constitute final decisions after a hearing subject to judicial review under § 405(g). See Sanders, 430 U.S. at 107-09; see also Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997).

The Sanders Court recognized that there is, however, an exception where the Commissioner's decision is challenged on constitutional grounds. 430 U.S. at 109. "[T]he Sanders exception applies to any colorable constitutional claim of due process violation that implicates a due process right . . . ." Evans, 110 F.3d at 1483 (citation and internal quotation marks omitted). A colorable constitutional claim is one that is not

5 - OPINION AND ORDER

"made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial, immaterial, or frivolous." Boettcher v. Sec'y of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). The mere allegation of a due process violation, however, "is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992) (per curiam). Rather, a plaintiff must allege "facts sufficient to state a violation of . . . due process." Id. Here, plaintiff's allegations do not raise a colorable constitutional claim which would allow this Court to review the Appeals Council's or the ALJ's decision.

Upon receiving an unfavorable decision from the ALJ, a claimant may request review by filing a written request. 20 C.F.R. § 416.1468(a). "Any documents or other evidence you wish to have considered by the Appeals Council should be submitted with your request for review." Id. The request for review is due within sixty days after the date the claimant receives notice of the hearing decision or dismissal. Id. Further, the date of receipt of such notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made. Id. § 416.1401.

In addition, a claimant may ask for an extension of time to file a request for review. Id. § 416.1468(b). The request for an

extension of time must be filed with the Appeals Council in writing, and it must give the reasons why the request for review was not filed within the stated time period. Id. If the claimant shows good cause for missing the deadline, the time period will be extended. Id.

On February 25, 2011, the Agency sent the ALJ's unfavorable decision to the plaintiff and her counsel. Weigel Decl., Ex. 7 at 1-2. The decision was, thus, presumed to be received by both parties no later than March 2, five days later. See 20 C.F.R. § 416.1401. Therefore, the request for review was due May 2.[1] See id. § 416.1468(a).

Plaintiff's attorney, however, did not file a request for review until August 1, more than ninety days past the May 2 deadline. Weigel Decl., Ex. 9. In the request for review, the sole reason given for filing late was that plaintiff's attorney had just learned that the ALJ had issued an unfavorable decision, and that he did not receive a copy of the mailed decision. Id. Ex. 8. The request for review did not, however, state that plaintiff did not receive the ALJ's decision or that some impairment interfered with plaintiff's ability to respond to the decision. Id.

---

[1] Sixty days from March 2 is actually May 1, which was a Sunday, and the next business day was May 2.

As a result, the Appeals Council concluded that there was no good cause to extend the time for filing because the ALJ's "decision notes that the Hearings Office sent a copy of [the decision] to the representative at the same address of record." Id. Ex. 9.

Similar to plaintiff's request for review, plaintiff's complaint makes no mention that she did not receive notice of the ALJ's decision or that her impairments interfered with her ability to respond to the ALJ's decision. Compl. at 1-2. In fact, plaintiff's complaint is entirely devoid of a due process violation allegation. Id. Plaintiff did not allege a due process violation until she responded to the defendant's motion to dismiss. Pl.'s Resp. to Mot. to Dismiss at 4-7. Even if plaintiff were allowed to amend her complaint to include the alleged due process violation, it would not change the outcome because the due process allegations were not presented to the Appeals Council.

The essence of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The procedures provided under the Act afforded plaintiff exactly that.

When the Appeals Council made the determination that there was no good cause to extend the time for filing, it considered all of the evidence presented to it; namely, that plaintiff's

8 - OPINION AND ORDER

attorney did not receive a copy of the ALJ's decision. The Appeals Council and the Agency's regulations did not prevent plaintiff or her attorney from presenting any additional evidence or affidavits. Plaintiff and her attorney were free to present evidence to the Appeals Council to show that neither of them received notice of the ALJ's decision and that plaintiff's impairments interfered with her ability to respond to the notice; yet, they did not do so. Plaintiff produced these arguments in the eleventh hour solely for the purpose of obtaining jurisdiction, which plaintiff cannot do. Boettcher, 759 F.2d at 722. Therefore, the plaintiff does not raise a colorable constitutional claim.

Similarly, plaintiff's argument regarding equitable tolling provides no relief. Plaintiff did not use all due diligence. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (stating that equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information). Plaintiff and her attorney could have submitted to the Appeals Council the same materials submitted to this Court in response to the motion to dismiss; again, they did not do so. As a result, the plaintiff was not prevented from asserting her rights. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 429 (1965).

Consequently, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

CONCLUSION

Defendant's motion to dismiss (doc. 13) is GRANTED.

IT IS SO ORDERED.

Dated this __1__ day of ~~September,~~ October, 2013.


_____
Ann Aiken
United States District Judge